UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE JOHNSON, | No. 2:24-cv-2891 AC P |
| Plaintiff, | |
| v. | ORDER |
| SANJAY AGARWAL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee of $350.00 plus the $55.00 administrative fee.[1]  See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the required fees totaling $405.00.

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer,

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $55.00 administrative fee.

1

935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.  Therefore, his requests for the appointment of counsel are denied without prejudice.

Plaintiff has also requested an extension of time to return his form indicating whether he consents or declines magistrate judge jurisdiction in this matter.  For good cause shown, the court will grant plaintiff an extension of time to return the form.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $405.00; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner; and

3. Plaintiff's motions for the appointment of counsel (ECF Nos. 12, 18) are denied without prejudice.

////
////
////
////

4. Plaintiff's motion for an extension of time (ECF No. 18) is granted. Within 30 days from the date of this order, plaintiff shall return the form indicating whether he consents or declines magistrate judge jurisdiction in this case.

DATED: November 6, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE