UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE JOHNSON, | No. 2:24-cv-2891 AC P |
| Plaintiff, | |
| v. | ORDER |
| SANJAY AGARWAL, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. On October 21, 2024, this case was transferred from the Northern District to the Eastern District of California. ECF No. 14. On November 6, 2024, the court ordered plaintiff to submit a request to proceed in forma pauperis or pay the required fees in the amount of $405. ECF No. 19 at 1-2. The court also denied plaintiff's motions for the appointment of counsel. Id. at 2. Plaintiff has since filed a notice of payment, informing the court that he paid the filing fee for this case prior to the case transfer, ECF No. 21, and requesting the magistrate judge reconsider her decision to deny plaintiff's motions for appointment of counsel, ECF No. 23.[1]

---

[1] Plaintiff has also filed multiple notices informing the court about his medical conditions and his continued efforts to pursue prison grievances. See ECF Nos. 22-24. The court advises plaintiff that he should not send grievance paperwork to the court unless it is being submitted in support of a motion or opposition to a motion. Additionally, plaintiff is advised that he must sign all pleadings, motions, and other papers submitted to the court for filing, Fed. R. Civ. P. 11(a), or risk sanctions, including but not limited to striking the documents from the record or dismissal of this action. See L.R. 110.

Having confirmed the filing fee was paid in the Northern District Court prior to transfer, see Johnson v. Agarwal, No. 3:24-cv-4437 WHO, ECF No. 15, the court will proceed to screen the case and rule on plaintiff's motion for reconsideration.

I. Statutory Screening of Prisoner Complaints

A. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

B. Factual Allegations of the Complaint

The first amended complaint ("FAC")[2] alleges that defendants Sanjay Agarwal and

---

[2] Plaintiff titled ECF No. 17 as the second amended complaint. See ECF No. 17. However, the docket reveals only one prior complaint, ECF No. 8. The initial letter filed in this case is not a complaint. See ECF No. 1. Before the court could screen the complaint, plaintiff's filed ECF No. 17, which has been docketed and will be referred to as the first amended complaint ("FAC").

unnamed nurses (referred to Doe defendants), in their individual capacities, violated plaintiff's rights under the Eighth and Fourteenth Amendments, and the Americans with Disabilities Act ("ADA").  ECF No. 17.  Specifically, plaintiff alleges that despite his transfer to the California Health Care Facility ("CHCF") with prescribed breathing equipment, a treatment plan, and a diagnosis of "[a]dvance chronic obstructive pulmonary disease, with recurrent acute exacerbation, post inflammatory fibrosis of the lungs due to Covid 19 infection and bronchiectasis," plaintiff's primary care provider at CHCF, defendant Agarwal, "discontinued" plaintiff's prescription for a breathing machine when plaintiff's machine broke, and did not consult with a respiratory specialist or rely on any diagnostic data to support his decision.  Id. at 4.  Plaintiff further alleges that Agarwal lowered the dosage of plaintiff's medication and altered plaintiff's medical records to minimize the severity of plaintiff's overall medical condition.  Id.  Because of Agarwal's actions, defendant Doe, the shift lead, and other Doe defendants did not follow the correct treatment plan.  Id. at 4-5.  Plaintiff began to develop soreness in his lumbar spine and symptoms not common to his condition.  Id. at 5.  When plaintiff complained to Doe defendants on second and third watch, they merely documented his complaints.  Id.  The next day, defendant Agarwal failed to treat plaintiff or order his staff to do so, which resulted in a blood infection.  Id. Approximately two weeks later, plaintiff "coded out" and was taken to the emergency room where he was diagnosed with advanced methicillin resistant staphylococcus aureus infection.  Id.  When plaintiff returned to CHCF, defendant Agarwal once again altered plaintiff's treatment plan and medication regiment, disregarded the discharge orders from the hospital, and removed plaintiff's catheter and demanded he pee in a urinal jug, despite knowing that plaintiff could not do so.  Id. at 6-7.  As a result, the pressure sore returned, and plaintiff fears he will once again end up in the emergency room if not properly treated.  Id. at 7.

Plaintiff also alleges that, while at CHCF, he has been denied breathing treatments and appointments with a pulmonologist, id. at 6; when he has pushed his emergency light for assistance, no one at CHCF has helped transfer him to and from the toilet, his wheelchair, or bed, id.; and he has been denied a new wheelchair, clean respiratory equipment, medication, and palliative care, id. at 9.  Plaintiff seeks a declaratory judgment that defendants violated plaintiff's

rights under the U.S. Constitution and ADA, compensatory and punitive damages, costs of litigation and reasonable attorney's fees, and other relief as the court deems just and proper. Id. at 11-12.

### C. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid claim for relief pursuant to the Eighth Amendment against defendant Agarwal for medical deliberate indifference.

### D. Failure to State a Claim

The allegations in the complaint, however, are not sufficient to state any other claims for relief against Agarwal or any Doe defendants.

Plaintiff does not allege that Doe defendants were aware that the treatment plan they were following was incorrect and nonetheless continued to follow it. Additionally, plaintiff does not allege any facts showing he complained of anything more than "soreness" to the second and third watch Doe defendants such that they would have known that he was suffering from a serious medical need or that failure to take further action would put him at risk of serious harm.

To the extent plaintiff is alleging that he was denied appropriate care because he is disabled, he fails to state a Fourteenth Amendment equal protection claim because being disabled is not a protected class and he has not shown that he was treated differently than other similarly situated prisoners.

To the extent plaintiff is attempting to claim that failure to provide treatment for his disabilities violates the ADA, he fails to state a claim because the ADA does not provide relief for failure to treat a disability. Additionally, Plaintiff's ADA claims against defendants fail because defendants cannot be sued for monetary damages in their individual capacities under the ADA. Moreover, to the extent, plaintiff's argument is that he was denied accommodations in the form of assistance to transfer him to and from his toilet, wheelchair, and bed, he states a cognizable claim but has not named a proper defendant.

It appears to the court that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint.

E.   Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make.  After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendant Agarwal on the Eighth Amendment medical deliberate indifference claims.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss all other claims against Agarwal and Doe defendants, including Fourteenth Amendment and ADA claims.  The court will proceed to immediately serve the complaint and order a response from defendant Agarwal.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section I.D. against defendant Agarwal and Doe defendants.  If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

II.   Motion for Reconsideration of Motion to Appoint Counsel

On November 6, 2024, the undersigned denied plaintiff's motions for appointment of counsel.  ECF No. 19 at 2.  Plaintiff recently filed a notice informing the court of his continued efforts to resolve his disputes against defendants, and within this notice included a request for the magistrate judge to reconsider her order denying plaintiff's motions to appoint counsel.  See ECF No. 23 at 1.

Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987).  Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."  L.R. 230(j)(3)-(4).

Plaintiff seeks reconsideration of the magistrate judge's order because he claims the magistrate judge was under the impression he was "indigent." ECF No. 23 at 1. However, that was not the basis for this court's order. Instead, the magistrate judge denied the motion to appoint counsel because plaintiff had failed to establish exceptional circumstances warranting appointment of counsel. Id. Had plaintiff shown, as he now argues, that he is not indigent, the court would have had an additional basis to deny plaintiff's motion. See Lewis v. Casey, 518 U.S. 343, 354 (1996) (there is no constitutional right to appointed counsel in civil actions brought by prisoners); 28 U.S.C. § 1915(e)(1) (the court has discretion to appoint an attorney to represent "any person unable to afford counsel"); Webb v. State of California, 185 F.3d 872 (9th Cir. 1999) ("Motions for appointment of counsel under 28 U.S.C. § 1915 require supporting affidavits to state the facts as to affiant's poverty with 'some particularity, definiteness and certainty.'"); Fratus v. Uchi, No. 1:21-cv-1523 JLT EPG P, 2022 WL 5235469, at *1-2, 2022 U.S. Dist. LEXIS 160400, at *2-3 (E.D. Cal. Sept. 6, 2022) (when a plaintiff seeks appointment of counsel in a civil action, he should include information relevant to establish his inability to afford counsel). Because plaintiff does not offer new facts or circumstances, or changes in law, meriting reconsideration, the court denies plaintiff's motion for reconsideration.

III.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated claims against defendant Agarwal for violating your rights under the Eighth Amendment. You have not stated Eighth Amendment claims against any Doe defendants because you have not alleged that any of them were aware of a serious medical need of yours or risk to your health or safety and ignored it. You have not stated any Fourteenth Amendment equal protection claim against any defendant because disabled individuals are not entitled to an increased protection under the Fourteenth Amendment, and you have not alleged that you were treated differently than others with similar circumstances. You have also failed to state any ADA claims because you cannot seek monetary damages against defendants in their individual capacities under the ADA, and a failure to treat claim is not an ADA claim; it is an Eighth Amendment deliberate indifference claim. You also fail to state any claims against any other Doe

6

defendants because you have not explained what each Doe defendant did or did not do that violated your rights.

The court has also denied your request to reconsider its decision to deny your prior motions for appointment of an attorney in this case because you present no new facts or law to change the court's order.

You have a choice to make. You may either (1) proceed immediately on your medical deliberate indifference claims against Agarwal and voluntarily dismiss the other claims; or (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

IV.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Notice (ECF No. 23) be construed as a Motion for Reconsideration and be denied;

2. Plaintiff fails to state cognizable Fourteenth Amendment or ADA claims against any defendant and fails to state Eighth Amendment claims against Doe defendants for which relief can be granted.

3. Plaintiff has the option to proceed immediately on his Eighth Amendment medical deliberate indifference claims against Agarwal.

4. **Within twenty-one days** from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

5. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of

////
////
////
////

plaintiff's Fourteenth Amendment and ADA claims against all defendants, as well as plaintiff's Eighth Amendment claims against Doe defendants.

DATED: January 10, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SANJAY AGARWAL, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-2891 AC P<br><br><br>NOTICE OF ELECTION |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment medical deliberate indifference claims against defendant Agarwal without amending the complaint.  Plaintiff understands that by choosing this option, all other defendants and the remaining Eighth Amendment, Fourteenth Amendment, and ADA claims will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.


DATED:_____

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Frank Lee Johnson
　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Doe Defendants

Although the use of Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names. See Mosier v. Cal. Dep't of Corr. & Rehab., 2012 WL 2577524, at *3, 2012 U.S. Dist. LEXIS 92286, at * 8-9 (E.D. Cal. July 2, 2012), Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at * 12-13 (N.D. Cal. July 20, 2010). Additionally, to state a claim against Doe

defendants, plaintiff must allege conduct by each specific Doe defendant to establish liability under 42 U.S.C. § 1983. This means that plaintiff should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate his rights.

### B. Personal Involvement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### C. Eighth Amendment - Deliberate Indifference to Medical Needs

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of

1  comment or treatment; the presence of a medical condition that significantly affects an
2  individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d
3  at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.
4  　　　　Second, the plaintiff must show the defendant's response to the need was deliberately
5  indifferent. Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act
6  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the
7  indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from
8  which the inference could be drawn that a substantial risk of serious harm exists," but that person
9  "must also draw the inference."  Farmer, 511 U.S. at 837.  This "subjective approach" focuses
10 only "on what a defendant's mental attitude actually was."  Id. at 839.  A showing of merely
11 negligent medical care is not enough to establish a constitutional violation.  Frost v. Agnos, 152
12 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion
13 about the proper course of treatment is not deliberate indifference, nor does a dispute between a
14 prisoner and prison officials over the necessity for or extent of medical treatment amount to a
15 constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004);
16 Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of medical
17 treatment, "without more, is insufficient to state a claim of deliberate medical indifference."
18 Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Where a
19 prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must
20 show that the delay caused "significant harm and that Defendants should have known this to be
21 the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.
22 　　　　　　　D.   Fourteenth Amendment – Equal Protection Clause
23 　　　　The Fourteenth Amendment's Equal Protection Clause requires the State to treat all
24 similarly situated people equally.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439
25 (1985) (citation omitted).  "To state a claim for violation of the Equal Protection Clause, a
26 plaintiff must show that the defendant acted with an intent or purpose to discriminate against him
27 based upon his membership in a protected class."  Serrano v. Francis, 345 F.3d 1071, 1082 (9th
28 Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "'[T]he disabled

do not constitute a suspect class' for equal protection purposes," <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 687 (9th Cir. 2001) (quoting <u>Does 1-5 v. Chandler</u>, 83 F.3d 1150, 1155 (9th Cir. 1996)).  Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose.  <u>Vill. of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (citations omitted).

      E.  <u>Americans with Disabilities Act</u>

Title II of the ADA applies to inmates within state prisons.  <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 524 U.S. 206 (1998).  To state a claim for violation of Title II of the ADA, a plaintiff must allege four elements:

> (1) [H]e is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

<u>O'Guinn v. Lovelock Corr. Ctr.</u>, 502 F.3d 1056, 1060 (9th Cir. 2007); <u>see also</u> <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002); <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124 (9th Cir. 2001).

"A plaintiff can allege disability discrimination in the provision of inmate services, programs, or activities under the ADA by pleading either (1) discrimination based on disparate treatment or impact, or (2) denial of reasonable modifications or accommodations." <u>Cravotta v. County of Sacramento</u>, No. 2:22-cv-0167 DJC AC, 2024 WL 645705, at *7, 2024 U.S. Dist. LEXIS 26740, at *21 (E.D. Cal. Feb. 15, 2024); <u>see</u> <u>Dunlap v. Ass'n of Bay Area Gov'ts</u>, 996 F. Supp. 962, 965 (N.D. Cal. 1998) ("[T]he ADA not only protects against disparate treatment, it also creates an affirmative duty in some circumstances to provide special, preferred treatment, or 'reasonable accommodation.'").  To support such a disparate impact claim, a plaintiff must demonstrate that the policy has the "effect of denying meaningful access to public services." <u>K.M. ex rel. Bright v. Tustin Unified Sch. Dist.</u>, 725 F.3d 1088, 1102 (9th Cir. 2013).  Although § 12132 does not expressly provide for reasonable accommodations, the implementing

regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i); see also Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008).

"[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original). The proper defendant in an ADA action is the public entity responsible for the alleged discrimination. United States v. Georgia, 546 U.S. 151, 153 (2006). State correctional facilities are "public entities" within the meaning of the ADA. See 42 U.S.C. § 12131(1)(A) & (B); Penn. Dept. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998); Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). ADA claims may not be brought against state officials in their individual capacities. Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002)); Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." (citations omitted)).

Compensatory damages are available under the ADA when plaintiff demonstrates that the discrimination he experienced was the result of deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Duvall, 260 F.3d at 1138-39 (citations omitted). "When the plaintiff has alerted the public entity to his need for accommodation . . ., the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test." Id. at 1139. "[I]n order to meet the second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness." Id. (citations omitted).

Treatment, or lack of treatment, concerning plaintiff's medical condition does not provide

a basis upon which to impose liability under the ADA. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)).