UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE JOHNSON, | No. 2:24-cv-2891 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SANJAY AGARWAL, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding without counsel in a civil rights lawsuit pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for a preliminary injunction (ECF No. 33), for reconsideration of the court's order denying plaintiff's request for copies (ECF No. 34), and to enforce medical treatment (ECF No. 35).

I. Background

Before the court could screen the initial complaint, plaintiff filed a first amended complaint ("FAC"). ECF No. 17. The FAC alleged that defendants Sanjay Agarwal and Doe defendant nurses violated his rights under the Americans with Disabilities Act ("ADA") and the Eighth and Fourteenth Amendments to the United States Constitution. Id. Specifically, plaintiff alleged that when his breathing machine broke, defendant Agarwal—plaintiff's primary care provider at CHCF—discontinued plaintiff's prescription for a breathing machine without consulting a respiratory specialist or relying on diagnostic data. Id. at 4. Doe defendant nurses followed defendant Agarwal's treatment plan instead of the correct treatment plan. Id. at 4-5.

1

Upon screening the FAC, the court found that plaintiff adequately stated an Eighth Amendment medical deliberate indifference claim against Agarwal but no other claims against Agarwal or Doe defendants. ECF No. 25 at 4-5. Plaintiff was given the option to proceed on his Eighth Amendment claim against defendant Agarwal or amend the complaint. Id. at 5, 7. Plaintiff chose to amend the complaint. ECF No. 26. On March 7, 2025, plaintiff filed a second amended complaint ("SAC"), in which he does not name Agarwal as a defendant but asserts retaliation and medical deliberate indifference claims against fourteen other named defendants. ECF No. 29 at 1-3.

On April 25, 2025, plaintiff filed a request for copies, which indicated that plaintiff may also be seeking to file a third amended complaint ("TAC"). ECF No. 31. On May 12, 2025, the court denied plaintiff's request for copies because he had not done anything to show he had requested and been denied the ability to make copies. ECF No. 32 at 1. Also, to the extent plaintiff sought leave to file a third amended complaint, the court provided him with thirty days to do so. Id. at 2. The court clearly instructed plaintiff that the court cannot refer to a prior pleading (complaint) in order to make plaintiff's amended complaint complete, that his amended complaint should not exceed 25 pages, that he is discouraged from attaching exhibits, and that instead of attaching exhibits he should focus on simply stating what each person did or did not do to violate his rights. Id. Since then, plaintiff has filed three new motions, but no TAC. ECF Nos. 33-35.

II.   Motion for Reconsideration (ECF No. 34)

Plaintiff's motion for reconsideration seeks to clarify his request for copies and respond to the reason the court denied the request. See ECF Nos. 31-32, 34. Reconsideration of prior orders may be appropriate where the district court is presented with newly discovered evidence, has committed clear error, or there has been an intervening change in the controlling law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). A party seeking reconsideration must do more than disagree with the court's decision or recapitulate that which the court has previously considered. United States v. Westlands Water District, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Nor can a reconsideration motion "be used to raise arguments or present evidence for the first time when they could reasonably have been raised

2

earlier in the litigation." Marlyn Nutraceuticals, 571 F.3d at 880. Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4). Plaintiff has not presented any cognizable grounds for reconsideration, but merely provides additional factual detail regarding the circumstances that led to his request for copies. Because this information could have been included in the original request, reconsideration is unavailable.

However, the undersigned notes that plaintiff includes in his motion for reconsideration a request for extension of time. ECF No. 1 at 1. Although plaintiff does not specify the deadline he wishes to extend, the court infers from the procedural posture of the case that he seeks to extend the deadline for filing a Third Amended Complaint. So construed, the request will be granted. Plaintiff shall have until July 21, 2025, to file a TAC. If plaintiff decides not to file a TAC, he should inform the court promptly, and no later than July 21, 2025, that he wishes to proceed on the basis of the SAC filed March 7, 2025. In that case the court will proceed to screen the SAC.

Plaintiff is reminded that if he files a TAC, he should file a *single* document no longer than twenty-five pages in length, in which plaintiff states, as best he can, what happened and what each person (defendant) did or did not do that he believes violated his constitutional rights. He should not attach exhibits. It is not the duty of the court to look through the attached exhibits to determine whether they contain additional facts that would support a cognizable claim under § 1983. Rather, the court looks to the factual allegations contained in the *complaint* to determine whether plaintiff has stated a cognizable claim for relief. Additionally, the court cannot refer back to a prior pleading in order to make an amended complaint complete. See Local Rule 220. The TAC must include every claim and every defendant plaintiff intends to make a claim against in this case, but also only include claims and parties that can be properly joined. See Fed. R. Civ. P. 18 (A plaintiff may properly assert multiple claims against a single defendant in a civil action); Fed. R. Civ. P. 20(a)(2) (a plaintiff may join multiple defendants in one action where "any right to

relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."); but see George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants must be pursued in separate lawsuits). Accordingly, in determining whether the TAC[1] states cognizable claims, the court will not consider allegations or arguments made in prior complaints or motions, nor will it consider information in exhibits attached to prior complaints, motions, *or* to the TAC. For legal standards concerning amended complaints and substantive claims you may be attempting to raise, plaintiff should refer back to Attachment A in the court's January 10, 2025, screening order. ECF No. 25 at 10-15.

### III. Motion for Preliminary Injunction (ECF No. 33)

#### A. Plaintiff's Allegations

Plaintiff's motion for a preliminary injunction seeks an order transferring him to a facility that can provide a higher level of medical treatment than he is receiving at CHCF. ECF No. 33. at 1-6. As in his complaint, plaintiff complains that he lacks a proper respiratory machine, and he adds that for almost two months he has been administered generic medication that has resulted in one seizure, and that nurses do not assist him but merely leave notes for Chauhdri, another doctor. See id. at 3-4. Chauhdri is not named in the original complaint, FAC, or SAC. See ECF Nos. 8, 17, 29. Plaintiff alleges these are acts of retaliation for exposing wrongdoing by CHCF medical staff. Id. at 4. Plaintiff also claims that Chauhdri examined a lump on his neck and said it was nothing. Id. at 5. However, approximately four days later when Chauhdri re-examined it, she said the lymph node and sweat gland had merged and started a massive infection, and that she was not aware plaintiff's immune system was so weak. Id. According to plaintiff, the mass had grown to four times its original size. Id. Chauhdri prescribed him anti-epileptic medication and antibiotics but did not prescribe him pain medication. Id. at 6. He still does not have a proper breathing machine and must request assistance from staff to use his rescue inhaler, which causes

---

[1] Or the SAC, if plaintiff decides to move forward with the SAC and not file a TAC.

4

panic and plaintiff to urinate on himself.  Id.  Plaintiff seeks to add Chauhdri and several nurses as defendants in this case.  Id. at 4.

### B. Legal Standards

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate '[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)) (internal quotations omitted).  The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the Supreme Court's four-part Winter standard.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing of one element to offset a weaker showing of another element).  "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met."  Id. at 1132.

The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims.  See Winter, 555 U.S. at 20.  Additionally, "[t]hose seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm."  Herb Reed Enterprises, LLC v. Fla. Ent. Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013).

Because the function of a preliminary injunction and temporary restraining order is to preserve the status quo pending a determination on the merits, Chalk v. United States Dist. Court, 840 F.2d 701, 704 (9th Cir. 1988), there is heightened scrutiny where the movant seeks to *alter* rather than maintain the status quo, Dahl v. HEM Pharms. Corp., 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party").  "In general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'"  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879

1  (9th Cir. 2009) (quoting Anderson v. United States, 612 F.2d 1112, 1115 (9th Cir. 1979)).

2  Additionally, in cases brought by prisoners involving conditions of confinement,
3  any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct
4  the harm the court finds requires preliminary relief, and be the least intrusive means necessary to
5  correct that harm." 18 U.S.C. § 3626(a)(2).

6      C.  Discussion

7  The SAC filed in this case has not been screened as required by 28 U.S.C. § 1915A. The
8  undersigned has deferred screening because plaintiff indicated that he plans to file a TAC, and the
9  court has given him permission to do so. Plaintiff's recent motions for an extension of time also
10 indicate that plaintiff intends to file a TAC. See ECF No. 34 at 1; ECF No. 35 at 2. Screening is
11 necessary to determine which putative defendants face cognizable claims and must answer, and is
12 crucial to determining the likelihood of success on the merits for purposes of preliminary
13 injunctive relief.

14 A district court has no authority to grant relief in the form of a preliminary injunction
15 where it has no jurisdiction over the parties. Price v. City of Stockton, 390 F.3d 1105,
16 1117 (9th Cir. 2004) (per curiam) ("A federal court may issue an injunction if it has personal
17 jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to
18 determine the rights of persons not before the court.") (citation omitted). To the extent plaintiff
19 seeks an injunction against non-defendants, the court does not have jurisdiction over those
20 individuals unless plaintiff provides facts showing that they are acting "in active concert or
21 participation" with the defendant. Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine
22 Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until
23 shown to be in concert or participation.").

24 Here, plaintiff's motion for a preliminary injunction does not identify whose conduct
25 plaintiff seeks to enjoin. Without this information, the court cannot determine whether relief is
26 sought from the putative defendants or individuals working in collaboration with them, and
27 therefore cannot determine whether it has jurisdiction over these individuals. Moreover, the
28 likelihood of success on the merits, which is key to the availability of preliminary injunctive

6

relief, cannot be evaluated until an operative complaint has been screened and found to contain cognizable claims with a clear factual basis.

Accordingly, the undersigned recommends that plaintiff's motion for a preliminary injunction be denied without prejudice to refiling a new motion after the TAC has been filed or the plaintiff has informed the court that he does not plan to file a TAC. Any subsequent motion for preliminary injunction should identify who plaintiff seeks to enjoin, what actions or inactions he seeks to enjoin, and demonstrate that a preliminary injunction is warranted under the Ninth Circuit four-factor test set forth above.

### IV. Motion to Enforce Medical Treatment (ECF No. 35)

Plaintiff's motion to enforce medical treatment seeks an order from the court enforcing certain recommended medical treatment that plaintiff agrees with (use of a noninvasive ventilator), while simultaneously ordering defendants to provide different medical equipment or assistance than that which has been suggested or provided (provide trapeze bar instead of nurse or prisoner assistance). ECF No. 35 at 1-2. Plaintiff's motion also indicates that he is being retaliated against for the reasons he previously provided to the court, states that he plans to file additional exhibits to support his retaliation claim, and he complains of additional conditions he seeks to have the court stop, such as use of certain chemicals used to clean his cell. Id. at 2. Plaintiff also seeks an extension of his deadline because he requires assistance going to the law library and authorization to do so because of his special toilet needs. Id.

Because plaintiff seeks an order from the court requiring defendants to do or stop doing an act, the court construes this motion as a second motion for a preliminary injunction. The undersigned recommends this motion be denied for the same reasons explained above regarding ECF No. 33.

To the extent plaintiff seeks an extension of time to file a TAC, the court has already concluded that this is appropriate. Plaintiff is cautioned that a complaint presenting cognizable claims is necessary to consideration of any motion for preliminary injunctive relief. Accordingly, plaintiff should focus on completing and filing a TAC that complies with the court's instructions. If plaintiff continues to file substantive documents other than a TAC, the court may consider such

filings as evidence that plaintiff is able to file a TAC but has chosen not to, and may deny future requests for extensions of time on that basis.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 34) is GRANTED IN PART as follows and otherwise DENIED:

1. Plaintiff is granted an extension of time to file a Third Amended Complaint ("TAC");
2. Plaintiff has until July 21, 2025, to file a TAC or inform the court that he does not plan to do so;
3. The TAC should be a single document, no longer than twenty-five (25) pages in length, where plaintiff explains, as best he can, what happened and what each alleged defendant did or did not do that he believes violated his constitutional rights. Exhibits should not be attached. The court will only consider the factual allegations made in the TAC, not those contained in any prior complaints or motions, and will not consider any exhibits previously filed or attached to the TAC in determining whether plaintiff has stated cognizable claims against any defendant;
4. Should plaintiff fail to file a TAC, the court will screen the Second Amended Complaint (ECF No. 29).
5. The Clerk of Court shall randomly assign a district judge to this action.

For the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for preliminary injunction (ECF No. 33) be DENIED.
2. Plaintiff's motion to enforce medical treatment (ECF No. 35) be construed as a motion for a preliminary injunction and DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 17, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE