UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE JOHNSON, | No. 2:24-cv-2891 DJC AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SANJAY AGARWAL, et al., | |
| Defendants. | |

Pending before the court are pro se plaintiff's motion to appoint counsel, a motion to transfer for medical care, and response to the Order and Findings and Recommendations issued on June 17, 2025. ECF No. 39-41. For the reasons discussed below, the motion to appoint counsel is denied and the undersigned recommends the motion to transfer for medical care be construed as a third motion for preliminary injunction and be denied. Plaintiff will be provided a further extension of time to file a Third Amended Complaint ("TAC").

I. Background

Upon screening the first amended complaint ("FAC") the court found that plaintiff adequately stated an Eighth Amendment medical deliberate indifference claim against defendant Agarwal but no other claims against Agarwal or the Doe defendants. ECF No. 25 at 4-5. Plaintiff was given the options of proceeding on his Eighth Amendment claim against defendant Agarwal or amending the complaint. Id. at 5, 7. Plaintiff chose to amend the complaint. ECF No. 26. On March 7, 2025, plaintiff filed a second amended complaint ("SAC"), in which he

1

does not state any factual allegations against Agarwal, and asserts only retaliation and medical deliberate indifference claims against fourteen other named defendants. ECF No. 29 at 1-3.

On April 15, 2025, plaintiff filed a request for copies, which this court denied in May 2020. ECF No. 32. When the court denied plaintiff's request, the court granted plaintiff leave to file a TAC not to exceed 25 pages in length because it appeared plaintiff was trying to add claims and defendants to this case. Id. Plaintiff was informed that if he failed to file a TAC, the court would screen the SAC. Id.

In May and June, plaintiff filed motions for preliminary injunction, for reconsideration of the court's April 15, 2025, order, to enforce medical treatment, and for extension of time. ECF Nos. 33-35. On June 17, 2025, the undersigned issued an order and findings and recommendations. ECF No. 36. The undersigned granted plaintiff an extension of time until July 21, 2025, to file a Third Amended Complaint ("TAC") or inform the court that he does not plan to do so. Id. at 8. Plaintiff was warned that if he failed to file a TAC, the court would screen the Second Amended Complaint ("SAC"), which unlike the First Amended Complaint ("FAC") does not state any claims against defendant Agarwal. Id. at 2, 8. As in the court's prior order, plaintiff was reminded that "the court cannot refer to a prior pleading (complaint) in order to make plaintiff's amended complaint complete." Id. at 2-3. "The TAC must include *every* claim, and *every* defendant plaintiff intends to make a claim against in this case," but should "only include claims and parties that can be properly joined." Id. at 3 (emphasis added). Plaintiff was instructed that if he filed a TAC,

> The TAC should be a *single* document, no longer than twenty-five (25) pages in length, where plaintiff explains, as best he can, what happened and what each alleged defendant did or did not do that he believes violated his constitutional rights." Id. at 8. The court warned that it would "only consider the factual allegations made in the TAC, not those contained in any prior complaints or motions, and will not consider any exhibits previously filed or attached to the TAC in determining whether plaintiff has stated cognizable claims against any defendant.

Id. at 8 (emphasis added). The undersigned also recommended that plaintiff's motion for preliminary injunction, ECF No. 33, be denied and plaintiff's motion to enforce medical treatment, ECF No. 35, be construed as a motion for a preliminary injunction and denied.

II.     Plaintiff's Response to the Court's Prior Order and Findings and Recommendations

Plaintiff's response does not object to the Findings and Recommendations, but instead explains why the SAC did not include allegations against Agarwal and how plaintiff would like to proceed. ECF No. 41. Plaintiff states he did not reallege his claims against Agarwal in his SAC because he believed the court had already screened in the claim against defendant Agarwal when it screened the FAC. Id. at 1. Plaintiff understood the court to have directed him to file an SAC only identifying what Doe Defendants did or did not do that he believed violated his rights. Id. Plaintiff did not mean to exclude defendant Agarwal from the SAC. Id. Plaintiff also states that he does not plan to file a TAC out of concern regarding the court's prior warnings about filing too many motions. Id. at 2.[1]

It appears that plaintiff again seeks to have the court *combine* (1) his allegations against defendant Agarwal in the FAC with (2) the allegations against Doe Defendants in the SAC, without filing a TAC. However, as noted before, the court cannot refer back to a prior complaint, such as the FAC, to make a superseding amended complaint complete. See Local Rule 220. When plaintiff filed the SAC, the FAC was effectively cancelled. This means plaintiff needed to re-state his claims and allegations against defendant Agarwal in the SAC for the court to consider them going forward. Plaintiff did not do so. Accordingly, if the court screens the SAC, the court will find that plaintiff fails to state any claims against defendant Agarwal and he will not be allowed to proceed on such claims.

Because it is clear that plaintiff wants to include his claims against Agarwal in this case, he must file a TAC that restates the claims and factual allegations against Agarwal. Without this, the court cannot proceed to consider any claims against Agarwal.

---

[1] Plaintiff also complains that he does not like people opening his mail from the court before he gets it. ECF No. 41 at 2. To the extent plaintiff is trying to assert a First Amendment confidentiality claim, plaintiff is informed that mail from the court is not "legal mail" and is therefore not protected by confidentiality under the First Amendment. Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). Also, to the extent plaintiff seeks to add this claim in this case, he cannot do so. Instead, he must file a separate complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants must be pursued in separate lawsuits).

If plaintiff wants the court to consider only his claims against defendant Agarwal and no other person, then he must restate his allegations against Agarwal in a TAC. However, if plaintiff *also* wants the court to consider his claims against Doe defendants, plaintiff must *also* allege what each Doe defendant did or did not do to violate his rights. In other words, for the court to screen plaintiff's claims against Agarwal and Doe Defendants, *all* of plaintiff's claims and allegations against Agarwal *and* the Doe defendants need to be in a single document labeled "Third Amended Complaint."

The TAC must not exceed 25 pages in length or include attachments. The court will not consider any attachments; the court will only consider the factual allegations in the TAC, which state plainly and clearly what happened and what each person (defendant) did or did not do that plaintiff believes violated his federal rights. Claims against any defendant not identified in the TAC will not be considered. If plaintiff fails to provide factual allegations in support of his claims against a defendant, the claim against that defendant will be dismissed for failure to state a claim.

Plaintiff will be provided one final opportunity to file a TAC, and should focus on filing a TAC and not file any other motions in this case until he has done so. If plaintiff does not file a TAC, the court will screen the SAC which does not include any claims against defendant Agarwal. No further warnings will be provided.

III.    Motion to Appoint Counsel

Plaintiff has filed a third motion for appointment of counsel, in which he seeks appointment because he is indigent and suffers from various health conditions. ECF No. 39. As before, the court finds there are no exceptional circumstances that warrant the court to seek voluntary counsel for plaintiff. See 28 U.S.C. § 1915(e) (in exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (same); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (when determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved).

There is nothing in the case to suggests it is particularly complex. The court screened the FAC and determined that plaintiff had stated an Eighth Amendment medical deliberate indifference claim against one defendant. Although the court has given plaintiff leave to file a TAC, the court has no reason to believe this case is more complex than it appears to be. However, if the case does become more complex upon amendment, plaintiff may file a new motion for appointment of counsel setting forth the exceptional circumstances warranting voluntary appointment.

To the extent plaintiff claims that he is being denied physical access to the law library because of his medical conditions, and that this is preventing him from being able to represent himself, the court is still not convinced appointment of counsel is warranted. The court notes that although plaintiff has a right to access the courts, he does not have a right to physically access the law library. As long as plaintiff is receiving access to legal resources to pursue existing or contemplated non-frivolous litigation, and the access he is receiving is sufficient to prevent actual injury to plaintiff, his rights have not been violated. See Bounds v. Smith, 430 U.S. 817, 828 (1977) (the constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or other resources); Lewis v. Casey, 518 U.S. 343, 346 (1996) (right of access to courts is only violated when inmate is prejudiced with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim). Here, plaintiff has not provided any evidence that he has been denied sufficient access.

Lastly, to the extent plaintiff believes his medical conditions prevent him from representing himself, he has not alleged *how* any of his medical conditions prevent him from doing so and provided evidence in support of his allegations. If plaintiff believes one or more of his medical conditions prevent him from representing himself, he may file a new motion setting forth *how* his medical condition(s) interfere with his ability to represent himself and evidence of said interference or limitation.

For these reasons, plaintiff's motion to appoint counsel will be denied.

////

      IV.      <u>Motion to Transfer for Medical Care</u>

On June 18, 2025, plaintiff mailed the court a motion requesting a court order requiring defendants to move plaintiff back into an ADA room for DPW code, provide plaintiff with a Bipap machine, and provide treatment consistent with what is recommended in the medical records he has attached, and be provided with a registered nurse who assists and aids him constantly one on one. ECF No. 40 at 1-5.[2] Attached are over one hundred pages of medical records, handwritten notes and letters, and requests for and responses to requests for reasonable accommodations and health care grievances. <u>Id.</u> at 6-112. Like the motions for preliminary injunction (ECF No. 33) and to enforce medical treatment (ECF No. 35), which the undersigned construed as a motion for preliminary injunction, plaintiff's latest motion seeks an order requiring "defendants" to act and indicates that he cannot wait for them to give him what he needs. <u>Id.</u> at 1-5. Accordingly, the court construes this motion as one for a preliminary injunction and recommends that it be denied for the same reasons as the prior such motion. <u>See</u> ECF No. 36 at 6-8.

The court is unable to assess the likelihood of success of plaintiff's claims at this time given the present uncertainty regarding the operative complaint. <u>Id.</u> at 6-7. And plaintiff has failed to identify *whose* conduct he seeks to enjoin. <u>Id.</u> Without this information, the court cannot determine whether relief is sought from the putative defendants or individuals working in collaboration with them, and therefore cannot determine whether it has jurisdiction over these individuals. <u>Id.</u>

Plaintiff is advised that he should refrain from filing multiple requests or motions for immediate relief unless he can establish a preliminary injunction is warranted under the Ninth Circuit's four-factor test and can provide evidence that absent a preliminary injunction, while the case proceeds through litigation, plaintiff will suffer irreparable harm. <u>See</u> <u>Stormans, Inc. v.</u>

---

[2] It appears plaintiff mailed this request before he received the undersigned's June 17, 2025, order and findings and recommendations regarding his motion for preliminary injunction and motion to enforce medical treatment. <u>See</u> ECF No. 41 at 2 (plaintiff indicates he mailed additional motions to the court before he received the court's June 17, 2025, order and findings and recommendations).

Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)) (internal quotations omitted) ("The proper legal standard for preliminary injunctive relief requires a party to demonstrate '[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'"); Herb Reed Enterprises, LLC v. Fla. Ent. Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm."). The court notes that, "[i]n general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'" Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009) (quoting Anderson v. United States, 612 F.2d 1112, 1115 (9th Cir. 1979)). All other relief sought based on the alleged violations cannot be provided unless or until the case is settled or resolved on the merits in plaintiff's favor.

V.     Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's deadline for filing a Third Amended Complaint ("TAC"), or informing the court that he does not plan to do so, is extended to August 8, 2025.

   a. The TAC should be a single document, no longer than twenty-five (25) pages in length, in which plaintiff explains as best he can what happened and what each alleged defendant did or did not do that he believes violated his constitutional rights.

   b. The court will consider only the factual allegations made in the TAC, not those contained in any prior complaints or motions. The court will also not consider any exhibits previously filed or any new exhibits attached to the TAC in determining whether plaintiff has stated cognizable claims against any defendant.

   c. Claims against any defendant not identified in the TAC will not be considered. If plaintiff fails to provide factual allegations in support of his claims against a defendant in the body of the TAC, the claim against that defendant will be dismissed for failure to state a claim.

////

      d. Should plaintiff fail to file a TAC, the court will screen the Second Amended Complaint (ECF No. 29).

2. Plaintiff's motion to appoint counsel (ECF No. 39) is DENIED.

IT IS HEREBY RECOMMENDED, for the reasons explained above and in this court's prior findings and recommendations (ECF No. 36), that plaintiff's motion to transfer for medical care be construed as a third motion for a preliminary injunction and DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 7, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE