UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE JOHNSON, | No.  2:24-cv-2891 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| SANJAY AGARWAL, et al., | |
| Defendant. | |

Plaintiff has filed a letter with the Court claiming that on October 31, 2025, the undersigned denied his motion for injunctive relief without providing an explanation for the denial.  ECF No. 56 at 1.  The letter provides a short summary of plaintiff's medical conditions and alleged inadequate medical treatment, and asks that his "pulmonary specialist expert [ ] be able to continue having his way." *Id*. at 1-4.  The request is the same as one of his requests in the motion for transfer for medical care, which this Court construed as a motion for preliminary injunction and denied.  ECF No. 40 at 3 (plaintiff's motion seeking, among other things, an order that defendants provide him with treatment as ordered in his medical record by several specialists); ECF No. 42 at 6-8; ECF No. 55 at 2.  Because plaintiff is seeking the same relief sought in the most recent motion for preliminary injunction, which the Court has already denied, the Court construes plaintiff's letter as a motion for reconsideration of the

1

undersigned's October 31, 2025, order.  ECF No. 55.

Reconsideration of prior orders may be appropriate where the court is presented with newly discovered evidence, has committed clear error, or there has been an intervening change in the controlling law.  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  A party seeking reconsideration must do more than disagree with the court's decision or recapitulate that which the court has previously considered.  *United States v. Westlands Water District*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).  Nor can a reconsideration motion "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals*, 571 F.3d at 880.  Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3)-(4).

Plaintiff has not presented any cognizable grounds for reconsideration. Instead, he seeks a different outcome and an explanation for the outcome.  However, as noted above, plaintiff must do more than disagree with the court's decision or restate what has already been considered.

Additionally, contrary to plaintiff's assertion, the undersigned did provide an explanation for denying his motion.  *See* ECF Nos. 42, 55.  The undersign wrote that it "conducted a *de novo* review of this case" and after "careful[] review of the entire file," found that the Magistrate Judge's findings and recommendations on plaintiff's motion for preliminary injunction was "supported by the record and by proper analysis."  The undersigned ordered that the findings and recommendations be adopted in full.  ECF No. 55 at 2.  The July 7, 2025, findings and recommendations, in turn, clearly stated the basis for denying plaintiff's motion.  ECF No. 42 at 6-7.  The Magistrate Judge explained that because it was unclear whether plaintiff would seek to file a third

amended complaint ("TAC") or proceed with the second amended complaint ("SAC"), the Court could not assess the likelihood of success of plaintiff's claims.  *Id*. at 6.  The magistrate judge also found that because the motion did not identify *whose* conduct plaintiff seeks to enjoin, the court could not determine whether it has jurisdiction over these individuals.  *Id*.  Lastly, because plaintiff sought preliminary injunctive relief, but did not address the applicable four-factor test, the court advised him "that he should refrain from filing multiple requests or motions for immediate relief unless he can establish a preliminary injunction is warranted under the Ninth Circuit's four-factor test and can provide evidence that absent a preliminary injunction, while the case proceeds through litigation, plaintiff will suffer irreparable harm."  *Id.* (citing *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008))).

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's letter (ECF No. 56) is construed as a motion for reconsideration of the Court's October 31, 2025, order (ECF No. 55) and is DENIED.

IT IS SO ORDERED.

Dated:  **January 9, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

john2891.850.jo

3