UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK LEE JOHNSON,

Plaintiff,

v.

SANJAY AGARWAL, et al.,

Defendants.

No.  2:24-cv-2891 DJC AC P

ORDER

Plaintiff is a state inmate at the California Health Care Facility ("CHCF") proceeding without counsel in a civil rights lawsuit pursuant to 42 U.S.C. § 1983.  This order resolves issues presented by plaintiff's recent letter to the clerk, ECF No. 73, and instructs plaintiff regarding future filings.

I.    Letter to the Clerk

On June 16, 2026, plaintiff submitted a letter stating "I am writing this to the court clerks, it is not my intention to amend anything.  It is my intention to tell you that I can't fight my defendants as if I were in the community with them, just walk away or call the police." ECF No. 73 at 1.  As in prior notices, ECF Nos. 21-23, 37-38, 43, 61-62, 64, plaintiff complains about his course of treatment at CHCF.  Id. at 1-6.  Embedded within his notice, plaintiff appears to ask the clerk to ask the judge to appoint plaintiff counsel because (1) he cannot defend himself against defendants, who he claims have retaliated against him since being served with the Third

1

Amended Complaint, (2) he is bedridden, has advance COPD and is oxygen dependent, and (3) "[H]e can't do a second amended complaint[.]  [He] can't do a third[.]  [He does not] have it in [him.]  [C]ounsel would be great."  Id. at 5-6.

The court construes plaintiff's letter to the clerk as a motion to appoint counsel.  This is plaintiff's fourth motion to appoint counsel.  See ECF Nos. 12, 18, 39.

The first three motions to appoint counsel, based on plaintiff's indigency, lack of physical access to the law library, and medical conditions were denied because: (1) plaintiff's indigency did not constitute exceptional circumstances; (2) a case involving an Eighth Amendment deliberate indifference claim against one defendant is not particularly complex; (3) plaintiff's right to access the courts does not include a right to *physically access* the law library and he has not provided evidence that he was denied sufficient access; and (4) to the extent plaintiff believes his medical conditions prevent him from representing himself, he has not alleged *how* any of his medical conditions prevent him from doing so and provided evidence in support of his allegations.  ECF No. 19 at 2, 42 at 4-5.[1]  Plaintiff was advised that the denial was without prejudice to refiling at a later date if the case became more complex and/or he was able to allege *how* his medical conditions prevented him from representing himself and provided evidence to that effect.  ECF No. 42 at 5.

Plaintiff's fourth motion to appoint counsel will be denied for the same reasons stated above, and for the additional reasons stated below.

As previously explained, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of

_____

[1]  Plaintiff also filed a notice, requesting the magistrate judge reconsider her decision to deny plaintiff's motions for appointment of counsel.  ECF No. 23.  This request was denied because plaintiff did not "offer new facts or circumstances, or changes in law, meriting reconsideration." ECF No. 25.

success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff's argument that he is being retaliated against does not establish an exceptional circumstance warranting appointment of counsel. Such allegations may be the basis for a new and separate complaint, or relevant to future discovery, dispositive motions, and/or trial in this case, but are not a basis for appointing counsel at this time.

Plaintiff's argument that he cannot represent himself because he is bedridden, has advance COPD, is oxygen dependent, and incarcerated, fails for the same reasons as before. While plaintiff's allegations indicate that some of his medical conditions have progressed, he has not demonstrated that these conditions affect his ability to litigate. To the contrary, in less than two years, plaintiff has filed four complaints in this action, ECF Nos. 8, 17, 29, 51; five motions for extensions of time, ECF Nos. 18, 28, 35, 46, 49; four motions to appoint counsel, ECF Nos. 12, 18, 39, 73; five motions for preliminary injunctions, ECF Nos. 33, 35, 40, 63, 65; three motions for reconsideration, ECF Nos. 23, 34, 56; five objections to findings and recommendations and related letters and notices, ECF Nos. 41, 52-54, 70; nineteen other letters, notices, and requests, ECF Nos. 9-11, 13, 21-22, 24, 26, 31, 37-38, 43-45, 57, 60-62, 64; and a separate action, Johnson v. Adams, 2:26:cv-1193 EFB (E.D. Cal.) ("Johnson v. Adams"), alleging numerous violations against thirty *new* defendants and five of the same defendants.[2] More than ten of these filings were filed within the past six months, including the sixty-two page complaint in Johnson v. Adams, which was filed March 30, 2026. And at least thirty-six were filed after the court denied plaintiff's first two motions to appoint counsel.

Lastly, for several reasons—because plaintiff has already filed a second and third

---

[2] In both cases, plaintiff names defendants Adams, Farhat, Malakkala, Williams, and Bassie. See ECF No. 51 at 1; Johnson v. Adams, ECF No. 1 at 1-2, 59-61.

amended complaint, the court screened the TAC before plaintiff filed the present motion, and plaintiff wrote this motion on or about June 8, 2026, see ECF No. 73 at 5—the court construes plaintiff's statements that his "can't do" a second and third amended complaint as an argument that he lacks the legal knowledge to represent himself based on the inadequacies in his second and third amended complaints.  This argument is rejected because plaintiff was able to amend the complaint from alleging a single medical deliberate indifference claim against one defendant, ECF Nos. 25, to alleging medical deliberate indifference claims against ten defendants.  ECF No. 66.  That he was unable to state retaliation and state law negligence claims against all defendants and Eighth Amendment deliberate indifference claims against Bassie, Adams, Petersen, Uden, Williams, and RN 2 Lawrence, and that he is dissatisfied with the court's recommendation to dismiss those claims, does not demonstrate his inability to represent himself.  If this were sufficient, appointment of counsel would be the rule not the exception.

II.    Plaintiff's Filing Pattern

Plaintiff has established a pattern of filing multiple, repetitive notices, letters, and motions.  See ECF Nos. 9-13, 17-18, 21-24, 31, 33-35, 37-40, 43, 53-54, 56-57, 60-65, 73.   To restrain plaintiff's filing habits, the court has advised and warned plaintiff that he should not submit "notices informing the court about his medical conditions and his continued efforts to pursue prison grievances . . . unless it is being submitted in support of a motion or opposition to a motion," ECF No. 25 at 1 n.1; that "the TAC must include every claim, and every defendant plaintiff intends to make a claim against in this case" and that the court will not refer to other standalone documents to make his complaint completed, ECF Nos. 36 at 2, 42 at 2, 66 at 4 n.1; and that "he should refrain from filing multiple requests or motions for immediate relief unless he can establish a preliminary injunction is warranted under the Ninth Circuit's four-factor test and can provide evidence that absence a preliminary injunction, while the case proceeds through litigation, plaintiff will suffer irreparable harm," ECF No. 42 at 6, 58 at 3.  Most recently, in screening the TAC, the court advised plaintiff that it "will not consider additional factual allegations contained in plaintiff's 'supplement' to the TAC," ECF No. 60, "or notices regarding medical treatment," ECF Nos. 61, 62, and 64, "which largely reiterate plaintiff's concerns

4

regarding the course of treatment he is receiving from his physicians and medical staff at CHCF," and warned that "any future filings which appear to be attempts to supplement the operative complaint will be stricken." ECF No. 66 at 4 n.1.

Plaintiff is informed that the United States District Court for the Eastern District of California maintains one of the heaviest caseloads in the nation, a significant portion of which is comprised of pro se inmate cases. Piecemeal and unnecessary filings like plaintiff's serve only to further burden the court and delay resolution of cases. Going forward, plaintiff should file only pleadings (e.g. amended complaints authorized by the court or permitted by the Federal Rules of Civil Procedure); motions authorized by the Federal Rules of Civil Procedure and/or Local Rules of this court; briefing pursuant to such rules or as ordered by the court; and responses to court orders. Plaintiff is warned that documents not contemplated by the Federal Rules of Civil Procedure or ordered by the court will be stricken and not considered by the court, and plaintiff's future filings may also be limited without further warning.

III.    Conclusions

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's letter (ECF No. 73) is construed as a fourth motion to appoint counsel and is DENIED.

It is FURTHER ORDERED that plaintiff shall file only pleadings (e.g. amended complaints authorized by the court or permitted by the Federal Rules of Civil Procedure); motions authorized by the Federal Rules of Civil Procedure and/or Local Rules of this court; briefing pursuant to such rules or as ordered by the court; and responses to court orders. Any other filings not contemplated by the Federal Rules of Civil Procedure or ordered by the court will be stricken and not considered by the court. Failure to comply may also result in additional limitations on filings without further warning.

DATED: June 23, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE